UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARTHUR WIGFALL, JR.,

                              Plaintiff,                      **FIRST AMENDED COMPLAINT**

       -against-

                                                              **JURY TRIAL**
THE CITY OF NEW YORK, POLICE OFFICER        **DEMANDED**
ARMANDO PEREZ, Shield No. 14643, POLICE OFFICER
MICHAEL CARSEY, POLICE OFFICER VICTOR CHARLES,   08 CV 11127 (AKH)
SERGEANT WILLIAM EISEMAN, and POLICE OFFICERS    ECF CASE
JOHN DOE Nos. 1 – 2, their names being fictitious
and presently unknown, in their individual capacities and
in their official capacities as employees of the City of New
York,

                              Defendants.
------------------------------------------------------------------------X

       Plaintiff, Arthur Wigfall, Jr., by his attorney, Gregory A. Blackman, Esq., alleges the following for this Complaint:

## NATURE OF THE ACTION

       1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, for deprivation of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article 1, Sections 6 and 12 of the New York State Constitution, and laws of the State of New York, against the City of New York, New York City Police Officers Armando Perez, Michael Carsey, Victor Charles, Sergeant William Eiseman, and New York City Police Officers John Doe Nos. 1 and 2, police officers of the City of New York, in their individual capacities and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. § 1331 and § 1367.

## VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the events forming the basis of plaintiff's complaint occurred in that District.

## NOTICE OF CLAIM

4. On December 21, 2007, plaintiff filed a Notice of Claim upon defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claim may be served.

5. The Notice of Claim was in writing, sworn to by plaintiff, containing his name and address, and the name and address of his attorney.

6. The Notice of Claim set out the nature of the claim, the time when, the place where, and manner by which the claim arose, and the damages and injuries claimed to have been sustained by plaintiff.

7. The City of New York has failed to adjust the claims within the statutory time period.

8. This action is being commenced within one year and ninety days after the happening of the event upon which the claims are based.

## PARTIES

9.  Arthur Wigfall, Jr. ("Plaintiff") is a citizen of the United States and, at all times relevant to the claims arising herein, was a resident of the State of New York.

10. At all times relevant to this complaint, defendant Police Officers Armando Perez, Michael Carsey, Victor Charles, Sergeant William Eiseman, and Police Officers John Doe Nos. 1 and 2 (hereinafter "individual defendants") were duly appointed and acting police officers of the New York City Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York, the City of New York, and the New York City Police Department.

11. Defendant City of New York is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to Section 431 of its Charter. The City of New York has established and maintains a Police Department as a constituent department or agency of the defendant.

12. At all relevant times, the City of New York and its Police Department employed all of the individual defendants.

13. At all relevant times, all of the individual defendants were agents, servants and employees of the City of New York acting within the scope of their employment by defendant City of New York and its Police Department.

## FACTS

14. On September 25, 2007, at approximately 7:00 pm, plaintiff exited a retail establishment located at 2132 Third Avenue, New York, New York, and then entered the

front passenger side of a motor vehicle that was parked in front of 2136 Third Avenue, New York, New York.

15. As plaintiff was seated in the front passenger seat of the above-mentioned motor vehicle, defendant Officer Charles pulled the marked police vehicle that he was driving alongside the vehicle in which plaintiff was seated and asked plaintiff whether he lived in the neighborhood.

16. As defendant Charles questioned plaintiff, defendant Sergeant William Eiseman, stepped out of the vehicle driven by defendant Charles and approached plaintiff while plaintiff was still seated in the passenger seat.

17. Defendant Eiseman then asked plaintiff for identification. At that time, plaintiff had not been engaged in any unlawful activity, and was not acting in a manner to cause the individual defendants or anyone else to believe that plaintiff was committing, had committed, or was about to commit a crime. Nevertheless, plaintiff complied with this request and provided defendant Eiseman with photo identification.

18. After plaintiff provided his photo identification, defendant Eiseman ordered plaintiff to step out of the vehicle and then proceeded to search plaintiff's person. At the time defendant Eiseman searched plaintiff's person, defendant Eiseman did not have reasonable suspicion or probable cause to search plaintiff, did not have a search warrant authorizing a search of plaintiff, and did not have plaintiff's consent to conduct the search.

19. As defendant Eiseman was searching plaintiff, defendants Perez, Carsey, and Scott were surrounding plaintiff.

4

20. As a result of the unlawful search and seizure of plaintiff, defendant Eiseman recovered a small folding knife from plaintiff's person. Plaintiff's possession of that folding knife did not violate any of the laws, statutes, codes, rules, or regulations of the City of New York or the State of New York.

21. Subsequent to recovering the knife from plaintiff, defendant Eiseman handed the knife to defendant Carsey.

22. Defendant Eiseman then ordered the other individual defendants to handcuff and arrest plaintiff.

23. As the individual defendants were in the process of handcuffing plaintiff, plaintiff informed them that he recently had surgery on his shoulder, that he was disabled, and that it would be difficult and painful for him to place his hands behind his back and to remain with his hands behind his back for an extended period of time.

24. The individual defendants proceeded to aggressively and forcefully pull plaintiff's arms behind his back while simultaneously placing an elbow in plaintiff's back.

25. The individual defendants then placed plaintiff in the rear of a police car, drove plaintiff to a police precinct, and placed plaintiff in a holding cell. Plaintiff remained rear-handcuffed while in the police vehicle and in the holding cell and complained that he was in extreme pain and asked if he could be handcuffed in the front of his body. The individual defendants ignored plaintiff's requests and did nothing to alleviate plaintiff's pain.

26. Plaintiff was in custody for approximately 24 hours until he finally saw a judge and was arraigned on a felony complaint in the Criminal Court of the City of New York, County of New York on September 26, 2007.

27. The felony complaint charged plaintiff with criminal possession of a weapon in the third degree based upon the allegations that the knife recovered from plaintiff was a "gravity knife" and that plaintiff had previously been convicted of a crime.

28. The knife recovered from plaintiff was not a gravity knife and did not fit the definition of a gravity knife contained in the New York State Penal Law.

29. The individual defendants knew that the knife was not a gravity knife, but they maliciously initiated a criminal prosecution against plaintiff by way of defendant Perez signing the above-mentioned felony complaint in which it was falsely alleged that defendant Carsey recovered a gravity knife from plaintiff.

30. After being arraigned on the felony complaint, plaintiff was released on his own recognizance, but was later indicted on the charge of criminal possession of a weapon in the third degree based upon the same allegations. Plaintiff was arraigned on the indictment on or about February 11, 2008 in the Supreme Court of the State of New York, County of New York. At a subsequent court date on March 11, 2008, bail was set in the amount of $10,000, which plaintiff could not afford to post and was therefore held in the custody of the New York City Department of Corrections. Plaintiff remained incarcerated on this charge in the custody of the New York City Department of Corrections while the matter was pending.

31. A pre-trial hearing and a jury trial was held regarding this charge against plaintiff. Defendant Carsey falsely testified at the pre-trial hearing and at the trial that he was the officer who searched plaintiff and recovered the knife from plaintiff's person.

32. In October 2008, the criminal case against plaintiff terminated in his favor when he was acquitted by a jury of the false charge of criminal possession of a weapon in the third degree.

33. As a direct and proximate result of the above said acts of the defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution, and under Article 1, Section 12 of the New York State Constitution, to be free from an unreasonable search and seizure of his person;

    b) Violation of his constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution, and Article 1, Section 6 of the New York State Constitution, to not suffer the deprivation of his liberty without due process of law;

    c) Physical injury, pain, and suffering;

    d) Emotional trauma, distress, and suffering;

    e) Loss of his physical liberty.

34. The actions of the individual defendants violated the following clearly established and well settled constitutional rights of plaintiff:

    a) Freedom from the unreasonable search and seizure of his person;

    b) Freedom from the use of excessive, unreasonable, and unjustified force against his person;

c)   The right to not suffer deprivation of his liberty without due process of law.

## FIRST CAUSE OF ACTION

35.  Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

36.  By way of their above-described actions, each of the defendants, acting under color of law, violated plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

37.  Plaintiff claims damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above, caused by the defendants' aforesaid violations of plaintiff's constitutional rights under color of law.

## SECOND CAUSE OF ACTION

38.  Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

39.  Defendants falsely arrested and unlawfully imprisoned plaintiff, or caused plaintiff to be falsely arrested and unlawfully imprisoned, by way of their above-described actions.

40.  Plaintiff claims damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by plaintiff as a result of the false arrest and unlawful imprisonment.

## THIRD CAUSE OF ACTION

41.  Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

42. Defendants utilized excessive force against plaintiff, or caused excessive force to be used against plaintiff, by way of defendants forcefully and aggressively pulling plaintiff's arms behind his back during the course of effectuating the unlawful arrest of plaintiff.

43. Plaintiff claims damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by plaintiff as a result of the above-described use of excessive force by the defendants.

## FOURTH CAUSE OF ACTION

44. Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

45. Defendants maliciously prosecuted plaintiff, or caused plaintiff to be maliciously prosecuted, by way of their above-described actions.

46. Plaintiff claims damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by plaintiff as a result of the malicious prosecution caused by the defendants.

## FIFTH CAUSE OF ACTION

47. Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

48. Defendants intentionally inflicted emotional distress upon plaintiff by way of their above-described actions.

49. Plaintiff claims damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by plaintiff as a result of the defendants intentional infliction of emotional distress upon plaintiff.

## SIXTH CAUSE OF ACTION

50. Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

51. Defendants negligently inflicted emotional distress upon plaintiff by way of their above-described actions.

52 Plaintiff claims damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by plaintiff as a result of the defendants negligent infliction of emotional distress upon plaintiff.

## SEVENTH CAUSE OF ACTION

53. Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

54. Each of the individual defendants falsely arrested and unlawfully imprisoned plaintiff, or caused plaintiff to be falsely arrested and unlawfully imprisoned, by way of their above-described actions.

55. As a result of this false arrest and unlawful imprisonment, plaintiff suffered injuries as aforesaid and claims damages for said injuries.

## EIGHTH CAUSE OF ACTION

56. Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

57. Defendants utilized excessive force against plaintiff, or caused excessive force to be used against plaintiff, by way of defendants forcefully and aggressively pulling plaintiff's arms behind his back during the course of effectuating the unlawful arrest of plaintiff.

58. As a result of this use of excessive force by the defendants, plaintiff suffered injuries as aforesaid and claims damages for said injuries.

### NINTH CAUSE OF ACTION

59. Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

60. Defendants maliciously prosecuted plaintiff, or caused plaintiff to be maliciously prosecuted, by way of their above-described actions.

61. As a result of this malicious prosecution, plaintiff suffered injuries as aforesaid and claims damages for said injuries.

### TENTH CAUSE OF ACTION

62. Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

63. Defendants intentionally inflicted emotional distress upon plaintiff by way of their above-described actions.

64. As a result of this intentional infliction of emotional distress, plaintiff suffered injuries as aforesaid and claims damages for said injuries.

### ELEVENTH CAUSEOF ACTION

65. Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

66. Defendants negligently inflicted emotional distress upon plaintiff by way of their above-described actions.

67. As a result of this negligent infliction of emotional distress, plaintiff suffered injuries as aforesaid and claims damages for said injuries.

## TWELFTH CAUSE OF ACTION

68.     Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

69.     By way of their above-described actions, each of the defendants, acting under color of law, violated plaintiff's rights under Article 1, Sections 6 and 12 of the New York State Constitution.

70.     As a result of this violation of plaintiff's New York State constitutional rights, plaintiff suffered injuries and claims damages for said injuries.

## THIRTEENTH CAUSE OF ACTION

71.     Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

72.     Prior to September 25, 2007, it was the policy and/or custom of defendant City of New York to inadequately and improperly screen individuals applying to become New York City Police Officers, thereby failing to adequately or accurately identify individuals who would be likely to commit constitutional violations against people with whom New York City Police Officers were likely to come in contact or interact.

73.     It was the policy and/or custom of defendant City of New York to inadequately and improperly train and supervise New York City Police Officers, including the individual defendant officers, thereby failing to adequately prevent, discourage, or reduce the possibility of constitutional violations on the part of its police officers.

74.     As a result of the above described policies and customs, defendant City of New York negligently screened, hired, trained, supervised, and retained the individual defendant officers as New York City Police Officers.

75. Such negligent screening, hiring, training, supervision, and retention were the cause or causes of the violations of plaintiff's rights alleged herein.

76. Plaintiff claims damages for the injuries set forth above, under 42 U.S.C. § 1983, against defendant City of New York due to their negligent screening, hiring, training, supervision, and retention of the individual defendant officers, which resulted in the violations of plaintiff's rights as aforesaid.

## FOURTEENTH CAUSE OF ACTION

77. Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

78. Prior to September 25, 2007, defendant City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional, statutory, and regulatory rights of persons in the City and State of New York, which caused the violation of plaintiff's rights.

79. Defendant City of New York knew: that New York City Police Officers, including the individual defendant officers, would encounter situations in which they may observe members of the public in possession of small folding knives; that possession of said small folding knives is not always unlawful; that the statute prohibiting possession of a gravity knife defines the characteristics of a gravity knife; and that proper training and supervision regarding the identification of gravity knives would eliminate or reduce the likelihood of said officers falsely charging individuals in possession of lawful small folding knives with possession of prohibited gravity knives; and that mishandling such a situation would frequently result in the violation of an individual's statutory and constitutional rights.

80. Despite being aware of the above-described circumstances, defendant City of New York failed to properly train or supervise New York City Police Officers, including the individual defendant officers, in how to handle such situations, in conscious disregard for the potential consequence of the its police officers violating the constitutional rights of plaintiff and other individuals.

81. Such deliberate indifference by defendant City of New York was the cause of the violation of plaintiff's statutory and constitutional rights as alleged herein.

82. Plaintiff claims damages for the injuries set forth above, under 42 U.S.C. § 1983, against defendant City of New York due to its deliberate indifference to its obligation to train and supervise its police officers, including the individual defendant officers, which resulted in the violation of plaintiff's rights as aforesaid.

## FIFTEENTH CAUSE OF ACTION

83. Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

84. Prior to September 25, 2007, it was the policy and/or custom of defendant City of New York to inadequately and improperly screen individuals applying to become New York City Police Officers, thereby failing to adequately or accurately identify individuals who would be likely to commit constitutional violations against people with whom New York City Police Officers were likely to come in contact or interact.

85. It was the policy and/or custom of defendant City of New York to inadequately and improperly train and supervise New York City Police Officers, including the individual defendant officers, thereby failing to adequately prevent, discourage, or reduce the possibility of constitutional violations on the part of its police officers.

86. As a result of the above described policies and customs, defendant City of New York negligently screened, hired, trained, supervised, and retained the individual defendant officers as New York City Police Officers.

87. Such negligent screening, hiring, training, supervision, and retention were the cause or causes of the violations of plaintiff's rights alleged herein.

88. Plaintiff suffered injuries as set forth above as a result of defendant City of New York's negligent screening, hiring, training, supervision, and retention of the individual defendant officers, and claims damages against defendant City of New York for said injuries.

## SIXTEENTH CAUSE OF ACTION

89. Paragraphs 1 through 34 of this complaint are incorporated herein by reference as though fully set forth herein.

90. Prior to September 25, 2007, defendant City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional, statutory, and regulatory rights of persons in the City and State of New York, which caused the violation of plaintiff's rights.

91. Defendant City of New York knew: that New York City Police Officers, including the individual defendant officers, would encounter situations in which they may observe members of the public in possession of small folding knives; that possession of said small folding knives is not always unlawful; that the statute prohibiting possession of a gravity knife defines the characteristics of a gravity knife; and that proper training and supervision regarding the identification of gravity knives would eliminate or reduce the likelihood of said officers falsely charging individuals in possession of lawful small folding

knives with possession of prohibited gravity knives; and that mishandling such a situation would frequently result in the violation of an individual's statutory and constitutional rights.

92. Despite being aware of the above-described circumstances, defendant City of New York failed to properly train or supervise New York City Police Officers, including the individual defendant officers, in how to handle such situations, in conscious disregard for the potential consequence of its police officers violating the constitutional rights of plaintiff and other individuals.

93. Such deliberate indifference by defendant City of New York was the cause of the violation of plaintiff's statutory and constitutional rights as alleged herein.

94. Plaintiff suffered injuries as set forth above as a result of defendant City of New York's deliberate indifference to its obligation to train and supervise its police officers, including the individual defendant officers, and claims damages against defendant City of New York for said injuries.

## **RELIEF**

95. WHEREFORE, based upon all of the above, plaintiff requests that this Court:

    a) Award compensatory damages to plaintiff against the defendants, jointly and severally, in an amount to be determined by a jury;

    b) Award punitive damages to plaintiff against the defendants, jointly and severally, in an amount to be determined by a jury;

    c) Award costs of this action to plaintiff;

    d) Award attorney's fees under 42 U.S.C. § 1988, and costs to plaintiff;

    e)  Award such other and further relief as this Court may deem just and proper.

  96.  Plaintiff hereby demands a jury trial.

Dated: May 31, 2009
   New York, NY

              *Gregory A. Blackman*
              Gregory A. Blackman (GB 8220)
              Attorney for Arthur Wigfall, Jr.
              The Blackman Law Firm, P.C.
              65 Broadway, 7th Floor
              New York, New York 10006
              (212) 430-6537

UNITED STATES DISTRICT COURT                    DOCKET NO. 08 CV 11127 (AKH)
SOUTHERN DISTRICT OF NEW YORK                   ECF CASE

ARTHUR WIGFALL, JR.,

Plaintiff

- against -

THE CITY OF NEW YORK, POLICE OFFICER ARMANDO PEREZ, Shield No. 14643, POLICE OFFICER MICHAEL CARSEY, POLICE OFFICER VICTOR CHARLES, SERGEANT WILLIAM EISEMAN, and POLICE OFFICERS JOHN DOE Nos. 1 – 2, their names being fictitious and presently unknown, in their individual capacities and in their official capacities as employees of the City of New York,

Defendants.

# FIRST AMENDED COMPLAINT

To: CITY OF NEW YORK                        P.O. ARMANDO PEREZ
    Corporation Counsel                     NYPD – 20TH Precinct
    100 Church Street                       120 West 82nd Street
    New York, NY 10007                      New York, NY 10024

    P.O. MICHAEL CARSEY                     P.O. JOHN DOE NOS. 1-2
    NYPD                                    NYPD
    Manhattan North Impact Response Team    Manhattan North Impact Response Team
    451 West 151st Street                   451 West 151st Street
    New York, NY 10031                      New York, NY 10031

    P.O. VICTOR CHARLES
    NYPD
    Manhattan North Impact Response Team
    451 West 151st Street
    New York, NY 10031

    SGT. WILLIAM EISEMAN
    NYPD
    Manhattan North Impact Response Team
    451 West 151st Street
    New York, NY 10031

**PLEASE TAKE NOTICE** that the within is a true copy of the First Amended Complaint duly entered in the office of the clerk of the within named court on June 1, 2009.

Dated: June 1, 2009                         Yours, etc.,
       New York, NY

                                            Gregory A. Blackman
                                            *Attorney for Plaintiff*
                                            THE BLACKMAN LAW FIRM, P.C.
                                            65 Broadway, Suite 720
                                            New York, NY 10006
                                            (212) 430-6537